## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                           :
CAPITAL ONE, N.A.,                         :          CIVIL ACTION
                                           :
               Plaintiff,   :
                                           :
             v.              :
                                           :
OXFORD PORTFOLIO, LLC,                     :          NO. 11-2533
                                           :
            Defendant.    :
_____            :

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                          **AUGUST 26, 2011**

      Presently before the Court is Capital One, N.A.'s ("Capital One") Motion to Appoint a Receiver, responses and replies thereto, and supplemental briefs.[1]  For the following reasons, we will dismiss this case for lack of jurisdiction and we will deny Capital One's Motion to Appoint a Receiver as Moot.

**I.**      **FACTS**

      In the instant matter, Oxford Portfolio, LLC ("Oxford Portfolio") and its three principals filed an action against Capital One and Onyx Equities Acquisition, LLC ("Onyx") in the Philadelphia Court of Common Pleas alleging, inter alia, that Capital One breached an oral contract to sell the mortgage to Oxford Portfolio's principals and/or their assignee (the "Philadelphia Action").  In the Philadelphia Action, Oxford Portfolio and its principals seek a court order requiring Capital One to perform all of its obligations under the alleged oral contract through the sale of the mortgage.  After Oxford Portfolio and its principals filed the Philadelphia

_____

[1] Oral argument was held on July 15, 2011 and August 8, 2011.

Action, Capital One filed the instant action in foreclosure.

## II.   DISCUSSION

We find that we lack jurisdiction under the principles set forth in <u>Princess Lida of Thurn and Taxis v. Thompson</u>, 305 U.S. 456 (1939).  In <u>Princess Lida</u>, the Supreme Court stated:

> [I]f the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other.

<u>Id.</u> at 466 (citing <u>Penn Gen. Cas. v. Pennsylvania</u>, 294 U.S. 189 (1935)).  The Supreme Court further stated:

> . . . the principle applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where the property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property.

<u>Id.</u>

Here, the state court must determine the rightful owner of the mortgage.  In Pennsylvania, "a mortgage has a dual nature, acting as a conveyance of property between the mortgagor and mortgagee, while also acting as a lien between the mortgagor or mortgagee and third parties." <u>Pines v. Farell</u>, 848 A.2d 94, 99 (Pa. 2004).  Thus, a determination of who owns the mortgage is necessarily a determination of who owns the mortgaged property.  In this action, Capital One seeks to foreclose on the mortgage and to appoint a receiver for the mortgaged property, actions which implicitly require that we deem Capital One as the rightful holder of the mortgage.  This we cannot do.  To adjudicate the present dispute would deprive the state court of the very

2

controversy first submitted to it pertaining to the singular *rem* common to these two actions. Such an act would be a patent violation of the principles set forth by the Supreme Court in Princess Lida, and it is on this basis that our jurisdiction must "yield to that of the other."  305 U.S. at 466.

An appropriate Order follows.